**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CHRISTINE CALUYO, <br><br> Plaintiff, <br><br> v. <br><br> DAVITA, INC. and DAVITA RX, LLC, <br><br> Defendants. |

Civil Action No. 1:12-CV-01766 (CKK)

**MEMORANDUM OPINION**
(April 10, 2013)

Plaintiff Christine Caluyo ("Plaintiff") brings the above-captioned action against Defendants DaVita, Inc. and DaVita Rx, LLC (collectively, "Defendants") asserting one count of negligence against each defendant in connection with an injury suffered by Plaintiff while she was receiving dialysis treatments. Specifically, Plaintiff alleges that Defendants' employee negligently failed to secure the wheel lock on Plaintiff's dialysis chair, causing her to fall from the chair and strike her head. Presently before the court are Defendants' [4] Motion to Dismiss, Defendants' [11] Amended Motion to Transfer Venue, and Defendants' [14] Request for Hearing on Defendants' Amended Motion to Transfer Venue.

Upon consideration of the parties' submissions[1] and the relevant authorities, the Court shall GRANT Defendants' [11] Amended Motion to Transfer Venue and shall accordingly transfer this action to the Alexandria Division of the United States District Court for the Eastern

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Compl., *see* Original File, ECF No. [5-1], at 15-20; Defs' Am. Mot. to Change Venue ("Def's Mot."), ECF No. [11]; Pl's Mem. in Opp'n to Defs' Mot. to Change Venue ("Pl's Opp'n"), ECF No. [12]; Defs' Reply in Support of Am. Mot. to Change Venue ("Defs' Reply"), ECF No. [13].

District of Virginia ("Eastern District of Virginia"). In exercise of its discretion, and because the Court finds that holding oral argument would not have been of assistance in rendering a decision, Defendants' [14] Motion for a Hearing is DENIED. *See* LCvR 7(f).

Further, in light of the transfer of venue, the Court shall not address the substance of Defendants' [4] Motion to Dismiss and shall instead DENY-WITHOUT-PREJUDICE the motion so that Defendants may re-file it, if appropriate, upon transfer to the Eastern District of Virginia.

## I. BACKGROUND

On October 4, 2012, Plaintiff, a citizen of Virginia, filed the instant Complaint in D.C. Superior Court against Defendants, whom Plaintiff describes in the Complaint as foreign corporations registered with the District of Columbia. *See* Compl. The Complaint alleges that on or about July 6, 2009, Caluyo was receiving dialysis treatments at Defendants' facility and was injured after Defendants' employee negligently failed to secure the wheel lock on Plaintiff's dialysis chair, causing Plaintiff to fall from the chair and strike her head. *Id.* at ¶¶ 5-7, 12-14. Although the Complaint is silent as to the name and location of the treatment facility where Plaintiff was allegedly injured, Plaintiff represents in subsequent submissions to the Court that the incident occurred at Defendants' dialysis facility in Arlington, Virginia. *See* Pl.'s Mem. at 1; *see also* Pl.'s Mem. in Supp. of Opp'n to Defs' Mot. to Dismiss, ECF No. [7], at 1.

On October 31, 2012, Defendants timely filed a Notice of Removal, and removed the case to this Court as a diversity action. *See* Notice of Removal, ECF No. [1]. On November 6, 2012, Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(6), and 12(b)(7). *See* Def.'s Mot. to Dismiss & Mem. of P. & A. in Supp. of Mot. to Dismiss, ECF No. [4]. Plaintiff filed her opposition on November 28, 2013, *see*

Pl.'s Mem. in Supp. of Opp'n to Defs' Mot. to Dismiss, ECF No. [7]. Defendants filed their reply on December 11, 2012. *See* Defs' Reply Brief in Supp. of Mot. to Dismiss, ECF No. [9].

On December 11, 2012, Defendants moved, in the alternative, to transfer this action to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). On December 12, 2012, the Court denied-without-prejudice Defendants' motion to transfer venue due to Defendants' failure to indicate, as required by Local Rule 7(m), whether Defendants conferred with Plaintiff prior to filing the motion and whether Plaintiff opposed the motion. *See* Min. Order (Dec. 12, 2012). Later that same day, December 12, 2012, Defendants filed the amended motion to transfer venue that is presently before the Court, which includes the requisite Rule 7(m) certification of consultation with opposing counsel. *See* Defs' Mem. Plaintiff filed her opposition on January 2, 2013, *see* Pl.'s Opp'n, and Defendants filed their reply on January 9, 2013, *see* Defs' Reply.

## II. DISCUSSION

Although Defendants have moved to dismiss for, *inter alia*, lack of personal jurisdiction, the motion to transfer venue may be addressed first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422 (2007) ("[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."); *accord Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 117 (D.D.C. 2008) ("Courts have discretion to resolve issues such as venue that do not affect the merits of the case, without deciding the matter of personal jurisdiction.") (citations omitted).

Because the Court concludes that it should exercise its discretionary power to transfer this case to the Eastern District of Virginia, Alexandria Division under 28 U.S.C. § 1404(a), it

need not and shall not reach the merits of Defendants' arguments for dismissal.

## A. Legal Standard

Defendants move to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). *See* Defs' Mem. Section 1404(a) governs the transfer of cases where venue is proper in the transferor court but the court decides that transfer is warranted for the "convenience of the parties and witnesses, in the interest of justice." *See* 28 U.S.C. § 1404(a). Section 1406(a) governs cases where venue is improper in the transferor court, but instead of dismissing the action, the court exercises its discretion to transfer to a district in which venue is proper. *See id*. § 1406(a).

For purposes of this motion only, the Court shall assume that venue would be proper in the United States District Court for the District of Columbia because transfer under Section 1404(a) presumes that the transferor court is a proper venue. *Ukiah Adventist Hosp. v. F.T.C.*, 981 F.2d 543, 546 (D.C. Cir. 1992). However, even if venue in the District of Columbia is not proper in this case, transfer would nevertheless be appropriate under 28 U.S.C. § 1406(a). Although the Section 1406(a) standard differs slightly from the Section 1404(a) standard for transfer, a central consideration under both standards is "the interest of justice," and the analysis in this Memorandum Opinion satisfies that standard under either section. *See Levin v. Majestik Surface Corp.*, 654 F. Supp. 2d 12, 14 n.2 (D.D.C. 2009); *Abecassis v. Wyatt*, 669 F. Supp. 2d 130, 132 n.1 (D.D.C. 2009). Accordingly, the Court need not decide whether venue is proper in this district.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Determining whether transfer is appropriate under Section 1404(a) calls for a two-part inquiry. The Court must first ask whether the transferee forum is one

where the action "might have been brought" originally. 28 U.S.C. § 1404(a). If so, the Court must next determine whether the movant has shown that the "convenience of the parties and witnesses" and the "interest of justice" counsel in favor of transfer. *Id.*

Under Section 1404(a), district courts have broad discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27, 108 S. Ct. 2239 (1988)). This case-by-case consideration typically involves a weighing of private and public interest factors. The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant; and (6) the ease of access to sources of proof. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). The public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.* at 17.

In the end, if the balance of private and public interests favors a transfer of venue, then the Court may order a transfer. Importantly, the moving party has the burden of establishing that a transfer is proper. *Omyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006).

**B. Analysis**

Regarding the threshold question of whether this action "might have been brought" in the transferee forum, *see* U.S.C. § 1404(a), the Court concludes that venue may permissibly lie in the Eastern District of Virginia. Plaintiff expressly concedes that this action may have been brought in the Commonwealth of Virginia. *See* Pl's Opp'n at 3. Indeed, the Eastern District of Virginia would have had original diversity jurisdiction under 28 U.S.C. § 1332(a) because the matter in

controversy exceeds $75,000 and is between citizens of different states. *See* Compl. ¶ 1; *id*. at 5; Notice of Removal, ECF No. [1], at ¶¶ 6-7.[2] Further, Defendants represent that they will consent to personal jurisdiction in Virginia. Finally, pursuant to 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Here, there is no dispute that the alleged negligence and injury occurred at a dialysis center located in Arlington, Virginia, which is located in the Eastern District of Virginia. *See* 28 U.S.C. § 127(a).

Having determined that this case "might have been brought" in the Eastern District of Virginia, this Court shall next determine whether the "convenience of the parties and witnesses" and the "interest of justice" support a transfer. *See* 28 U.S.C. 1404(a).

1. **Private Interest Factors**

The first three factors—plaintiff's choice of venue, defendants' choice of venue, and where the claim arose—weigh in totality in favor of transfer. As Defendants accurately observe, Plaintiff has alleged not a single relevant residence, employment, or healthcare connection to the District of Columbia, and her claim arose from alleged negligence in Virginia.

---

[2] Defendants contend that they may not be proper defendants in this action and that another entity – DVA Healthcare Renal Care, Inc. (which Defendants describe as a wholly owned, indirect subsidiary of Defendant DaVita, Inc.) – may be the proper defendant. *See* Notice of Removal, ECF No. [1], at 2 n.1; *id.* at 3, n.2. Plaintiff counters that she should be provided with the opportunity to conduct discovery to determine the relationship between Defendants and DVA Healthcare Renal, Inc. before any dismissal or substitution is ordered and that regardless, the Court's analysis regarding transfer should be limited to the named parties in this action. Pl.'s Opp'n at 2-3. Ultimately, the Court need not resolve the parties' dispute on this issue, as it agrees with Plaintiff that the Court's consideration of transfer should be limited to those entities that are a party to this action. In any event, the Court notes that the addition or substitution of DVA Healthcare Renal Care, Inc. as a party would not alter this Court's determination regarding the availability of diversity jurisdiction, as Plaintiff is a citizen of the state of Virginia, whereas DVA Healthcare Renal Care, Inc. is a Nevada corporation with its principal place of business in Colorado. *See* Notice of Removal, ECF No. [1], at 3, n.2; Def's Mem. at 6.

It is true that Plaintiffs are ordinarily granted strong deference in their choice of venue. *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). However, "courts afford substantially less deference to that choice where the plaintiff is not a resident of that forum or where the claims lack substantial connections to that forum." *Abecassis*, 669 F. Supp. 2d at 132. (citation and internal quotation marks omitted). *See also Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979) (noting that plaintiff's choice of forum is given "diminished consideration" where that forum "has no meaningful ties to the controversy and no particular interest in the parties or subject matter.") (internal citations omitted). Moreover, "[d]eference to [a] plaintiff['s] forum choice is diminished where, as here, transfer is sought to the plaintiff['s] resident forum." *Airport Working Grp. Orange Cnty v. U.S. Dep't of Defense*, 226 F. Supp. 2d 227, 230 (D.D.C. 2002) (citations omitted).

Here, Plaintiff, who is a Virginia resident, brings claims arising from the purported negligence of Defendants' employee and Plaintiff's resulting head injury—all of which are alleged to have occurred at a dialysis treatment center located in Arlington, Virginia. Plaintiff's argument that venue is proper due to Defendants' owning several dialysis centers in the District of Columbia and advertising their services to District of Columbia residents on their website and through electronic search engines, *see* Pl.'s Opp'n at 9, is simply not persuasive. This activity is not a substantial part of the claims described in Plaintiff's Complaint and is, in fact, not even mentioned in the Complaint at all. *See generally* Compl. The Court finds equally unpersuasive Plaintiff's argument that she resides in an area that is familiarly known as the D.C. metro area and specifically, a "mere eight miles" from this Court's location. *See* Pl.'s Opp'n at 4. As Defendants accurately retort, Plaintiff has cited no authority whatsoever for her "just over the border" argument, *see* Defs' Reply at 5, and this Court is aware of none.

Finally, "in determining where venue will lie in a tort action, courts generally look to where the allegedly tortious actions occurred and … where the harms were felt." *Abecassis*, 669 F. Supp. 2d at 133 (citation and internal quotation marks omitted). Here, again, all of the conduct about which Plaintiff complains occurred at the dialysis center located in Arlington, Virginia and is alleged to have resulted in physical injury to Plaintiff, a Virginia resident.

The final three private interest factors—convenience of the parties, convenience of the witnesses, and ease of access to sources of proof—are all in equipoise. *See, e.g.*, *King v. Navistar Intern. Transp. Corp.*, 709 F. Supp. 261, 262 (D.D.C. 1989) ("[T]he convenience of the parties and witnesses should not be disturbed by the transfer to this suit to the Eastern District of Virginia because of the close proximity of the Eastern District of Virginia to the District of Columbia."); *see also Bederson v. United States,* 756 F. Supp. 2d 38, 48-50 (D.D.C. 2010) (finding the latter three private interest factors to be neutral in a case where a defendant moved to transfer to the District of Maryland). Accordingly, the court concludes that these three factors militate neither for nor against transfer.

In sum, this Court finds that the each of the private interest factors either weighs heavily in favor of transfer or is neutral as to transfer. Accordingly, on the whole, the private interest factors weigh in favor of transfer to the Eastern District of Virginia.

   **2. Public Interest Factors**

The public interest factors similarly weigh in favor of transfer to the Eastern District of Virginia. As stated above, the public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

The parties do not dispute that Virginia law will govern the dispute. Pl's Opp'n to Defs.' Mot. to Dismiss, ECF No. [7] at ¶¶ 16-17. Moreover, this case will likely involve the interpretation and application of Virginia procedural rules—specifically, the import of Virginia's "continuing treatment" doctrine on Defendants' argument that Virginia's two-year statute of limitations has passed on Plaintiff's negligence claim. These considerations strongly favor transfer to the Eastern District of Virginia. *Cf. Treppel v. Reason*, 793 F. Supp. 2d 429 (D.D.C. 2011) (transferring case to Virginia when cause of action involved interpretation and application of Virginia-specific procedural rules regarding shareholder derivative actions).

Plaintiff contends that this Court is "extremely comfortable with Virginia negligence law and has considered Virginia law in negligence actions many times." Pl.'s Opp'n at 9. It is well-established, however, that "the proper analysis of this public interest factor focuses on the *transferee* court's familiarity with the governing laws, not on the *transferor* court's ability to apply those laws." *See Treppel,* 793 F. Supp. 2d at 439. "Hence, courts in this district often transfer cases to the Eastern District of Virginia where the cases involve claims arising under Virginia law, despite this Court's ability to apply Virginia law." *Id.* (citations omitted). Because here, Plaintiff's claim will turn exclusively on Virginia law, this factor strongly favors transfer to the Eastern District of Virginia.

The only argument either party has made regarding the relative congestion of the courts is contained within Defendants' reply memorandum. *See* Defs'. Reply at 13. The Court, however, need not consider this argument raised for the first time in reply. *See Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008). In any event, the Court would likely find that this factor is in equipoise. *See Douglas v. Chariots for Hire*, --- F. Supp. ---, 2013 WL 264368,

*8 (D.D.C. Jan. 24, 2013) ("A comparison of the relative docket congestion in the District of Columbia and the Eastern District of Virginia is largely neutral with respect to transfer.").

Finally, the Eastern District of Virginia has a much stronger local interest in this case than does the District of Columbia. The harm alleged in the Complaint occurred in the Eastern District of Virginia to a resident of Virginia. Additionally, the Plaintiff was treated and continues to be treated at the dialysis center in Arlington. *See* Pl.'s Mem. in Supp. of Opp'n to Defs' Mot. to Dismiss, ECF No. [7], at 8. While Plaintiff argues that the District of Columbia also has an interest in deciding the dispute because Defendants advertise in the District of Columbia, *see* Pl's. Opp'n at 9, this alleged nexus simply does not stack up against the interest that the Eastern District of Virginia maintains in adjudicating injuries occurring within its territorial jurisdiction. Indeed, courts in this district consistently find that the transferee state has a considerably greater interest in the controversy when the defendant injured the plaintiff in that state. *See, e.g., McClamrock v. Eli Lily & Co.*, 267 F. Supp. 2d 33, 41-42 (D.D.C. 2003).

For all of the foregoing reasons, the Court finds that the public interest factors also weigh heavily in favor of transferring this action to the Eastern District of Virginia, Alexandria Division.

### III. CONCLUSION

For the above stated reasons, Defendants' [11] Amended Motion to Transfer Venue is GRANTED. The Court shall, in an exercise of its discretion and pursuant to 28 U.S.C. § 1404(a), transfer this action to the Alexandria Division of the United States District Court for the Eastern District of Virginia. Since the Court concludes that transfer to the Easter District of Virginia is proper, it need not address the merits of Defendants' arguments for dismissal.

Accordingly, the Defendants' [4] Motion to Dismiss is DENIED-WITHOUT-PREJUDICE so that Defendants may re-file it, if appropriate, upon transfer to the Eastern District of Virginia.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 10, 2013

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge